Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/12/2021 08:09 AM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. David James Young, respondent.
___ N.W.2d ___

Filed August 20, 2021.    No. S-21-471.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, David James Young, on June 9, 2021. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on September 15, 2010. On June 9, 2021, the respondent filed a voluntary surrender of his license to practice law. He stated that on January 18, 2013, he was suspended from the practice of law, retroactive to the date of his temporary suspension, December 14, 2011, for violations of Neb. Ct. R. of Prof. Cond. §§ 3-501.8 (conflict of interest), 3-501.15 (safekeeping property), and 3-508.4 (misconduct). He has not been reinstated to practice law in Nebraska. The respondent admits that he engaged in the unauthorized practice of law when he agreed to represent a client on April 15, 2019. He

admits that he was paid $13,000 by the client for the representation and that he held himself out as counsel for the client. He was convicted of the following in the district court for Douglas County: (1) theft by deception ($5,000 or more), (2) terroristic threats, and (3) theft by deception ($5,000 or more). Young was initially sentenced to 36 months of probation for the first offense, but on May 10, 2021, his probation was revoked. He was then sentenced to serve a period of incarceration of 18 to 24 months for the first offense. He was sentenced to serve a period of incarceration of 30 to 36 months for the second offense. Finally, for the third offense, he was sentenced to a period of incarceration of 3 to 5 years. The sentences are to be served consecutively.

The respondent admits that his conduct has violated Neb. Ct. R. of Prof. Cond. §§ 3-505.5(b) (rev. 2012) (unauthorized practice of law) and 3-508.4(a), (b), and (c) (rev. 2016) (misconduct) and his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012).

The respondent stated that he freely and voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice law and, for purposes of his license to practice law, knowingly does not challenge or contest the truth of the allegations made against him in the district court for Douglas County. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.